**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JOHN IGO,**

                    **Petitioner,**

          **v.**                                          **Civil Action No.  15-40088-TSH**

**GOVERNOR OF COMMONWEALTH OF**
**MASSACHUSETTS, et al.,**
                    **Respondents.**

**MEMORANDUM AND ORDER**

**HILLMAN, D.J.**

**I.       INTRODUCTION**

        On August 3, 2015, Petitioner John Igo ("Igo") filed a self-prepared petition for writ of

habeas corpus.  See Petition ("Pet."), Docket No. 1.  The case caption of the petition identifies

the following three respondents: (1) the Governor of the Commonwealth of Massachusetts; (2)

the Secretary of the Executive Office of Health and Human Services ("EOHHS") ; and (3) the

Commissioner of the Department of Mental Health ("DMH").  Id.  According to the facts alleged

in the petition, Igo appears to have been found incompetent to stand trial  on June 29, 2015, by

the Cambridge District Court.  Id. at ¶ 4(a).  He is confined to the Worcester Recovery Center and

Hospital pursuant to General Laws c. 123, § 16 (hospitalization of persons incompetent to stand

trial or not guilty by reason of mental illness). Id. at ¶  5.  Igo states the "Commonwealth brought

[mental health] commitment to evade risk of dism[issal] of crim[inal] case and assembly of

record of same."  Id. at ¶ 6.   Igo complains that there was "no trial," id.  at ¶ 13 (ground one),

and that the mental health petition [1452 CR 01821] was initially denied by Judge Wexler on

March 5, 2015 and "brought again [on] 6/1/2015 without motions for reconsideration or rehearing

and [the] petition [was] signed by Judge (R Sragow) 1st Justice on 6/29/2015 in the lobby."  Id.

at ¶ 13 (ground two).  He complains that he was "misrepresented by MHLU [the Mental Health Litigation Unit of CPCS] counsel [that Igo] didn't want or need."  Id.

Igo complains that his case at the Woburn District Court was deleted from the docket without court order.  Id. at ¶ 4.  He also complains that on July 27, 2015, he was unable to appear for trial at the Boston Municipal Court.   Id.  Igo alleges that there were two criminal prosecutions in the Boston Municipal Court and that the Commonwealth "withdrew the weaker case, a 'bomb threat' to protect the stronger 1st case." Id.  at ¶ 13 (ground three).  Igo appealed but the "Massachusetts Appeals Court said they did not receive [the] appeal."  Id.  For relief, Igo writes:

> Justice requires if state dockets are examined, meaning the
> US Dist Court accepts as true as to history and status by
> statement of P./P./Def. P. doubts strong appellee answer.

Id.  at ¶ 15 (request for relief).  Igo seeks review of the following actions (1) criminal action No. 1452 CR 01821, Cambridge District Court; (2) mental health No. 1452 CR 01821, Cambridge District Court; (3) criminal action Nos. 1353 CR 102327, 1023228, 102222, Woburn District Court; and (4) criminal action No. 2014 01 CR 4631, Boston Municipal Court.  Id.

Igo filed two Applications to Litigate Without Prepayment of Fees and Affidavit, see Docket Nos. 3, 6, and a motion seeking to have the case title corrected.  See Docket No. 5.

## II.     DISCUSSION

### A.     Motions to Proceed In Forma Pauperis

Petitioner filed two Applications to Proceed in District Court Without Prepaying Fees or Costs seeking waiver of the $5.00 filingfee for filing this action.  Based upon petitioner's financial disclosures, petitioner has sufficiently demonstrated that he is without funds to pay the

$5.00 filing fee.  The Court will allow him to proceed in forma pauperis.

      B.    <u>Habeas Petition</u>

A writ of habeas corpus petition allows a petitioner to attack the legality of custody and seek immediate release from it if it is illegal.  *Preiser v. Rodriguez,* 411 U.S. 475, 484–85, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("It is clear ... from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").  Under the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."  Rule 4 of the Rules Governing Section 2254 Cases.

Because Igo is proceeding pro se, his petition will be construed liberally.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  To the extent Igo seeks a finding that his hospitalization pursuant to G.L. c. 123, § 16 is unconstitutional, such an action is cognizable as a federal habeas claim pursuant to 28 U.S.C. § 2254.  An individual whom the State seeks to have involuntarily committed due to his mental incompetence is entitled to due process of law in the commitment proceedings under the Fourteenth Amendment to the United States Constitution. *See Vitek v. Jones*, 445 U.S. 480, 491–94, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980).

However, a federal court may not consider a petition for a writ of habeas corpus by a person in state custody unless the petitioner has previously exhausted his state court remedies for all claims raised in the federal habeas petition. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  This is known as the "total exhaustion" rule. *Lundy*, 455 U.S. at 522.  In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases

of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (*citing Picard v. Connor*, 404 U.S. 270, 276–277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).  It is the petitioner's burden to demonstrate that all claims asserted in his petition are exhausted.  *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir.2002) (petitioner bears "heavy burden" of demonstrating satisfaction of exhaustion requirement).

Although Igo references the United States Constitution in his petition, he has not framed his claims in federal constitutional terms.  More importantly, he has not alleged exhaustion of his available remedies and has not alleged any exceptional circumstances sufficient to excuse his failure to exhaust.  There are state administrative remedies available to Igo.[1]  Because he has not exhausted his state court remedies, this petition must be dismissed.

### III.    CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    The Motions (#3, #6) to Proceed In Forma Pauperis are GRANTED;

---

[1]For example, General Laws c. 123, § 9(b ), provides, in pertinent part: "Any person may make written application to a justice of superior court at any time and in any county, stating that he believes or has reason to believe that a person named in such application is retained in a facility or the Bridgewater state hospital, who should no longer be so retained ... and requesting his discharge or other relief. The justice within seven days thereof shall order notice of the time and place for hearing to be given to the superintendent or medical director and to such other persons as he considers proper; and such hearing shall be given promptly before a justice of the superior court in any county. The justice shall appoint an attorney to represent any applicant whom he finds to be indigent. The alleged mentally ill person may be brought before the justice at the hearing upon a writ of habeas corpus, upon a request approved by the justice. Pending the decision of the court such person may be retained in the custody of the superintendent or medical director. If the justice decides that the person is not mentally ill or that failure to retain the person in a facility or the Bridgewater state hospital would not create a likelihood of serious harm ... said person shall be discharged. If the justice decides that a patient at the Bridgewater state hospital does not require strict security, he shall be transferred to a facility."

2.      The Motion (#5) to Fix Title is DENIED;

3.      The Petition for Writ of Habeas Corpus is Denied and Dismissed; and

4.      The Clerk of Court is directed to close this case.

SO ORDERED.

 /s/ Timothy S. Hillman                 
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

DATED:8/21/15